UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.P.A., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. 2:19-cv-06543-SHK <br><br> OPINION AND ORDER |

Plaintiff R.P.A.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner," "Agency," or "Defendant") denying his application for supplemental security income ("SSI"), under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. § 1383(c)(3), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this Opinion and Order.

# I.   BACKGROUND

Plaintiff filed an application for SSI on May 31, 2016, alleging disability beginning on November 1, 2014. Transcript ("Tr.") 151-57.[2] Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on August 1, 2018, ALJ Michael D. Radensky determined that Plaintiff was not disabled. Tr. 15-22. Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on May 31, 2019. Tr. 1-6. This appeal followed.

# II.   STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.") (citation omitted). A reviewing

---

[2] A certified copy of the Administrative Record was filed on December 12, 2019. Electronic Case Filing Number ("ECF No.") 14. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. § 416.920. The claimant carries the burden of proof at steps one

through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

> Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [SSI]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).[3]
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [SSI]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [SSI]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [SSI]. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and

---

[3] The Court has also considered the parallel regulations set forth in 20 C.F.R. § 416.920 et seq., when analyzing the ALJ's denial of Plaintiff's SSI application.

4

1 the evaluation proceeds to the fifth and final step. See 20 C.F.R.
2 § 404.1520(e).
3    Step 5. Is the claimant able to do any other work? If not, then
4 the claimant is "disabled" and therefore entitled to [SSI]. See 20
5 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then
6 the Commissioner must establish that there are a significant number of
7 jobs in the national economy that claimant can do. There are two ways
8 for the Commissioner to meet the burden of showing that there is other
9 work in "significant numbers" in the national economy that claimant
10 can do: (1) by the testimony of a vocational expert [("VE")], or (2) by
11 reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404,
12 subpt. P, app. 2. If the Commissioner meets this burden, the claimant
13 is "not disabled" and therefore not entitled to [SSI]. See 20 C.F.R. §§
14 404.1520(f), 404.1562. If the Commissioner cannot meet this burden,
15 then the claimant is "disabled" and therefore entitled to [SSI]. See id.
16 Id. at 1098-99.
17    **B.    Summary Of ALJ's Findings**
18    The ALJ found at step one, that "[Plaintiff] has not engaged in [SGA] since
19 May 31, 2016, the application date (20 CFR 416.971 et seq.)." Tr. 17. At step two,
20 the ALJ found that "[Plaintiff] has the following severe impairments: peripheral
21 neuropathy (20 CFR 416.920(c))." Id. At step three, the ALJ found that
22 "[Plaintiff] does not have an impairment or combination of impairments that meets
23 or medically equals the severity of one of the listed impairments in 20 CFR Part
24 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." Tr. 18.
25    In preparation for step four, the ALJ found that Plaintiff has the residual
26 functional capacity ("RFC") to "perform the full range of medium work as defined
27 in 20 CFR 416.967(c)." Tr. 18. The ALJ then found, at step four, that "[Plaintiff]
28 is capable of performing past relevant work as a paralegal . . . as actually or generally

5

performed" because "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's] [RFC] (20 CFR 416.965)." Tr. 21.

The ALJ, therefore, found that "[Plaintiff] has not been under a disability, as defined in the . . . Act, since May 31, 2016, the date the application was filed (20 CFR 416.920(F))" through August 1, 2018, the date the decision. Tr. 22.

### C. Issues Presented

In this appeal, Plaintiff raises two issues, whether the ALJ correctly: (1) "assessed probative medical evidence"; and (2) assessed Plaintiff's subjective testimony. ECF No. 19, Joint Stip. at 3-4. The Court finds that Plaintiff's second issue is dispositive and addresses it below.

### D. Court's Consideration Of Second Issue: ALJ's Rejection Of Plaintiff's Subjective Testimony

#### 1. Parties' Arguments

Plaintiff argues that the ALJ erred in rejecting his symptom statements: (1) by "provid[ing] a single boilerplate paragraph in his decision" for rejecting Plaintiff's symptom statements; (2) by "failing to discuss which of [his] symptom statements were contradicted by the medical evidence"; and (3) because the ALJ's finding that Plaintiff's "'mostly conservative treatment suggests that his limitations and symptoms could be controlled by compliance with his regimen and routinely following up with his providers' . . . is incorrect." Id. at 17 (quoting Tr. 20).

Defendant responds that "the ALJ's determination that Plaintiff's testimony as to the extent and severity of his symptoms and limitations was not fully credible was based on multiple permissible factors" and was "based on substantial evidence in the record." Id. at 21. Specifically, Defendant asserts that "the ALJ found Plaintiff's subjective symptom testimony was not fully consistent with the medical evidence in the record" and that "[t]he ALJ found that Plaintiff's treatment regimen suggested that Plaintiff's symptoms were largely controlled with

6

treatment." Id. at 20-21. Defendant cites various records to support this conclusion, most of which were not discussed by the ALJ. See Tr. 20-21 (citing Tr. 20, 313, 643-44, 701-03, 760, 800, 811).

### 2. ALJ's Consideration Of Plaintiff's Symptom Testimony

The ALJ began the analysis of Plaintiff's symptom testimony by discussing Plaintiff's symptom statements from the administrative hearing. Specifically, the ALJ noted that:

> At the administrative hearing, [Plaintiff] testified that he stopped working in 2014, and developed neuropathy in his feet. [Plaintiff] testified that the pain triggers something in his brain, and he can easily be distracted. [Plaintiff] also testified that he has difficulty walking on the balls of his feet, as he gets short of breath, can stand for about half an hour in one spot, can sit in one spot for half an hour and can walk for short distances with breaks to stop. In addition, [Plaintiff] testified that he is able to drive a car. Moreover, [Plaintiff] testified that he cleans his room, vacuums, sleeps on the couch, watches television and reads books. [Plaintiff] further testified that . . . he lives in a house with his mother and godson.

Tr. 19.

After discussing Plaintiff's symptom statements, the ALJ found that Plaintiff's "medically determinable impairments could not reasonably be expected to cause the alleged symptoms; moreover, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Id. The ALJ added that Plaintiff's "mostly conservative treatment suggests that his limitations and symptoms could be controlled by compliance with his regimen and routinely following up with his providers." Tr. 20.

7

### 3. Standard To Review Plaintiff's Pain Related Claims

When a claimant has medically documented impairments that "might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ must give 'specific, clear, and convincing reasons for rejecting' the testimony by identifying '<u>which</u> testimony [the ALJ] found not credible' and explaining '<u>which</u> evidence contradicted that testimony.'" <u>Laborin v. Berryhill</u>, 867 F.3d 1151, 1155 (9th Cir. 2017) (emphasis in original) (quoting <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 489, 494 (9th Cir. 2015). "This is not an easy requirement to meet: 'the clear and convincing standard is the most demanding required in Social Security cases.'" <u>Garrison v. Colvin</u>, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting <u>Moore v. Comm'r Soc. Sec. Admin.</u>, 278 F.3d 920, 924 (9th Cir. 2002)).

"The ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1112 (9th Cir. 2012). Also, while an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See <u>Morgan v. Comm'r Soc. Sec. Admin.</u>, 169 F.3d 595, 599-600 (9th Cir. 1999) (finding that "[t]he ALJ provided clear and convincing reasons for rejecting [Plaintiff's] testimony" by "point[ing] to specific evidence in the record—including reports by [Plaintiff's doctors]—in identifying what testimony was not credible and what evidence undermined [Plaintiff's] complaints.").

### 4. ALJ's Decision Is Not Supported By Substantial Evidence

Here, as an initial matter, the Court agrees with Plaintiff's argument that the ALJ's inclusion of the vague boilerplate finding at the outset of the ALJ's analysis—that Plaintiff's statements were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision"—does nothing to assist this Court with its analysis of the ALJ's finding.

8

Tr. 19; see Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014) (finding that "[a]n ALJ's 'vague allegation' that a claimant's testimony is 'not consistent with the objective medical evidence,' without any 'specific findings in support' of that conclusion is insufficient for our review" and that this "language . . . in ALJ decisions adds nothing" to the Court's analysis of the ALJ's finding (internal citations omitted)).

The Court finds, however, that the mere inclusion of this boilerplate language was harmless and does not constitute reversible error. See Laborin, 867 F.3d at 1154-55 (finding "that inclusion of [similar] flawed boilerplate language is not, by itself, reversible error and can be harmless. It does not, however, add anything to the ALJ's determination of either the RFC or the claimant's credibility.") (internal citation omitted); but see Brown-Hunter, 806 F.3d at 494 (finding harmful legal error where "the ALJ failed to identify the testimony she found not credible" and "did not link that testimony to the particular parts of the record supporting her non-credibility determination.").

Similarly unpersuasive is Defendant's citation to various records not discussed by the ALJ that Defendant argues supports the ALJ's aforementioned boilerplate finding. See Stout, 454 F.3d at 1054 (the Court cannot affirm an ALJ's decision on grounds not invoked by the Commissioner) (citation omitted).

With respect to the ALJ's finding that Plaintiff's "mostly conservative treatment suggests that his limitations and symptoms could be controlled by compliance with his regiment and routinely following up with his providers[,]" Tr. 20, the record does not support the ALJ's finding for two reasons.

First, the ALJ considered only some of Plaintiff's symptom statements, while ignoring evidence demonstrating that Plaintiff's limitations were greater than the ALJ acknowledged. See Holohan v. Massanari, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others).

For example, the ALJ found that Plaintiff was able to drive a car. Tr. 19. While Plaintiff testified that he can drive himself to the grocery store and doctor, Plaintiff also testified that he relies on "car pool[ing] with another" person for his regular transportation needs that exceed forty-five minute trips, and Plaintiff "was dropped off" at the administrative hearing "by Uber." Tr. 41. Thus, the ALJ failed to consider or discuss evidence that Plaintiff had a limited ability to drive.

Moreover, the ALJ noted that Plaintiff's activities of daily living ("ADLs") included cleaning his room and vacuuming, Tr. 19, however, the ALJ did not consider or discuss Plaintiff's testimony that Plaintiff does not cook or do laundry and that Plaintiff relies on his eighty-year-old mother whom he lives with to complete these tasks. Tr. 43-44. Thus, Plaintiff's ADLs were more limited than the ALJ acknowledged.

Second, contrary to the ALJ's finding, the record reveals that Plaintiff's symptoms and limitations were not controlled by Plaintiff's compliance with his treatment regimen. See e.g. Tr. 811, 813 (Plaintiff's medical record noting that Plaintiff's "[j]oint pain has improved, but [Plaintiff] still has severe 8/10 burning pain in both feet[,]" Plaintiff is "taking higher dose of Lyrica [without] relief[,]" Plaintiff "is unable to stand for prolonged periods of time[,]" and Plaintiff "[w]ould like pain to be relieved so he can start to work again."); see also Tr. 815, 817, 819, 821, 823, 825 (Plaintiff's pain remaining at 7/10 on medication); Tr. 794-803 (continuing foot pain and numbness noted, bilateral steroid injections in Plaintiff's feet noted).

Accordingly, because the ALJ selectively relied on some evidence in the record while ignoring other evidence indicating that Plaintiff's limitations were more severe than the ALJ found, and because there is extensive evidence in the record indicating that Plaintiff's symptoms and limitations were not controlled by Plaintiff's medications, the Court finds that the ALJ's rejection of Plaintiff's symptom statements is not supported by substantial evidence in the record. As

such, the Court finds that remand for further proceedings is necessary so that the Commissioner may reassess Plaintiff's symptom statements. Because the Court remands as to this issue, it does not reach Plaintiff's remaining assignment of error.

### IV.   CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). See Garrison, 759 F.3d at 1009 (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing.") (citation and internal quotation marks omitted).

IT IS SO ORDERED.

DATED: 05/18/2020

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge